[Cite as *State v. Arnold*, 2012-Ohio-3322.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11 CA 19 |
| DARREN ARNOLD | |
| Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Cambridge
Municipal Court, Case No.  11 CRB 00572


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:        July 18, 2012


APPEARANCES:

For Appellee                                    For Appellant

WILLIAM H. FERGUSON              CHARLES E. MCKNIGHT
CAMBRIDGE LAW DIRECTOR       121 West Eighth Street
150 Highland Avenue, Suite 2        Cambridge, Ohio  43725
Cambridge, Ohio  43725

*Wise, J.*

{¶1}   Appellant Darren A. Arnold appeals his conviction and sentence entered in the Cambridge Municipal Court on one count of possession of marijuana.

{¶2}   Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   On May 13, 2011, at approximately 8:54 a.m., Trooper Shawn Allar of the Ohio State Highway Patrol, Cambridge Post, was stationary at the mile post 193 crossover on Interstate 70 near Quaker City, Ohio. (T. at 4-5). Trooper Allar testified that his front bumper was facing northbound so that he could check both east and westbound traffic. His vehicle was equipped with a laser speed checking device. Utilizing that device, Trooper Allar observed Appellant operating his vehicle at a speed of 81 miles per hour (T. at 6). Trooper Allar pursued Appellant's vehicle and ultimately stopped that vehicle approximately one mile east of the mile post 193 crossover.

{¶4}   Upon initial contact with Appellant, Trooper Allar noticed an odor of burnt marijuana in the vehicle. (T. at 7). Trooper Allar conducted a search of the vehicle and discovered a bag containing physical therapy equipment. The bag was also found to contain a small plastic bag of marijuana. (T. at 7). A loaded .40 caliber handgun was then found in the trunk. (T. at 7).

{¶5}   Appellant later informed Trooper Allar that he was a physical therapist. (T. at 7). Appellant further admitted to using marijuana, stating that while he does not drink alcohol, he uses marijuana recreationally. (T. at 8-10).

{¶6}   Trooper Allar testified that his vehicle was equipped with an audio/video recording device. The video was marked as "Exhibit A" and was played for the trial court at the bench trial in this matter. (T. at 11).

{¶7}   Appellant was charged with speed and possession of marijuana, less than 100 grams, in violation of R.C. §2925.11. Appellant entered a plea of not guilty to the possession of marijuana charge at the arraignment, and the case proceeded to a trial to the court on June 17, 2011. The only testimony presented at trial was that of Trooper Shawn Allar.

{¶8}   After a review of the evidence and application of the law, the trial court entered a finding of guilty on the charge of possession of marijuana.

{¶9}   Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶10}   "I. THE TRIAL COURT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶11}   "II. THE TRIAL COURT ERRED IN QUESTIONING WHY DEFENDANT-APPELLANT TOOK THE CASE TO TRIAL, AND REFERRING TO DEFENDANT AS "SUSIE ROTTEN CROTCH"."

**I.**

{¶12}   In his first Assignment of Error, Appellant argues that his conviction was against the manifest weight of the evidence.  We disagree.

{¶13}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of

witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting *State v. Martin,* (1983) 20 Ohio App.3d 172, 175.

{¶14} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* (1991) 61 Ohio St.3d 259.

{¶15} Appellant herein was charged and convicted of possession of marijuana, as defined by R.C. §2925.11(A), which states:

{¶16} "No person shall knowingly obtain, possess, or use a controlled substance."

{¶17} At the bench trial in this matter, the trial court heard testimony from Trooper Allar that Appellant was the only person in the vehicle when he stopped him, that he noticed the odor of burnt marijuana coming from inside the vehicle, that Appellant informed him that he was a physical therapist, that he located a small plastic bag containing marijuana inside a bag containing physical therapy equipment, and that Appellant admitted that he used marijuana.

{¶18} Additionally, Trooper Allar testified that he had training and experience in detecting and identifying marijuana.

{¶19} Based on the foregoing, we find that Appellant's conviction for possession of marijuana is not against the manifest weight of the evidence.

{¶20} Appellant's first Assignment of Error is overruled.

**II**.

{¶21} In his second Assignment of Error, Appellant argues that the trial court erred in asking Appellant why he took his case to trial and in referring to Appellant as "Susie Rotten Crotch". Appellant argues that such amounted to a violation of his due process rights. We disagree.

{¶22} The statements made by the trial court inquiring as to why this matter came on for trial are as follows:

{¶23} Court: "Just out of curiosity, and he has a right to it, I mean, why did this go to trial? It is awfully clear. I mean, he has a right to that, I mean, you know, but if, if he would have tendered a plea, and of course there is always the hope that the prosecution will mess up and miss of (sic) them or something. And it is okay, Mr. McKnight, you know I don't begrudge people their right to trial but, I mean, it could have, could have had this same…The, the Law Director's office is not willing to ah, amend some of these to disorderly conduct?

{¶24} Prosecutor: "Correct."

{¶25} Court: "Okay, that means the Law Director and his assistant and the judge are going to be sitting through a ton of these things so that is what we are against…" (T. at 30-31).

{¶26} Upon review, we find that the trial court's inquiry as to why this matter went to trial was made during the sentencing phase, after the trial in this matter was concluded. Further, the question appears to have actually been directed more to the prosecutor than Appellant. We find no due process violation resulted from such discussion.

**{¶27}** Appellant also argues that his due process rights must have been violated in some way by the trial court's reference to him as "Susie Rotten Crotch."

**{¶28}** During sentencing, the trial court made the following statements:

**{¶29}** "What it comes down to is, what it comes down to is the Law Director's office wants to a take a position… I hate that but it, Mr. Arnold certainly appears to be, and I am confident that he is a, a nice young gentleman.  And of course, the question could be raised, Mr. Arnold, with all the effort that you have put into your profession and everything that is riding on it, of course, you know without me telling you, you shouldn't have been driving down the interstate with pot. …But we have this so, so, and then people will say, well, hey Judge, ah, you approve a plea agreement where ah, this, this ah, this nice young gentlemen from western PA who has a profession, you approve a plea agreement with, for disorderly conduct for him, he gets fined a hundred and fifty bucks, you approve that, why don't you approve that for me, Susie Rotten Crotch who has been here twenty five times, ah, why don't you do that for me? Well, the difference is, you are Susie Rotten Crotch, to be blunt about it. You have been in here twenty five times. So, who knows, you know, it is shifting, everything shifts around here. Fairness is an elusive concept. … But, I am telling you straight, Mr. Arnold, I hate it, I hate it that this is going to have to (sic) negative effect. But I have got to say ultimately that was your responsibility. …" (T. at 20-22).

**{¶30}** Upon review of the above statements and the entire record, it is clear that the trial court was not referring to Appellant as "Susie Rotten Crotch" but was referring to those repeat offenders which the trial court sees on a regular basis. When discussing

Appellant, the trial court, in contrast, describes him as "nice young gentlemen from western PA who has a profession."

{¶31} While this writer was not familiar with such term, it appears that "Suzy Rottencrotch" is a slang term used by the military to refer to a deployed soldier's girlfriend back home who has probably taken up with another man. While it is obvious the trial court was trying to use a generic name to denote a hypothetical member of society, i.e. the common man, such pejorative term was probably not the best choice. Regardless, this Court finds that such name was not directed at Appellant and further that such would not amount to a due process violation.

{¶32} Appellant's second Assignment of Error is overruled.

{¶33} For the foregoing reasons, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.



_____

_____

_____

JUDGES

JWW/d 0709

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Appellee                      :
                                       :
-vs-                                   :              JUDGMENT ENTRY
                                       :
DARREN ARNOLD                          :
                                       :
    Appellant                     :              Case No. 11 CA 19


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.

Costs assessed to Appellant.


                                    _____


                                    _____


                                    _____

                                                  JUDGES